Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND, *et al.*, <br><br>*Plaintiffs*, <br><br>v. <br><br>VALHALLA CONSTRUCTION, LLC, <br><br>*Defendant.* | Civil Action No. 18-16538 <br><br> **OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on Plaintiffs' unopposed motion for default judgment against Defendant Valhalla Construction, LLC ("Valhalla") pursuant to Federal Rule of Civil Procedure 55(b). D.E. 7. The Court reviewed all submissions made in support of the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Plaintiffs' motion is **GRANTED in part and DENIED in part.**

I.    **FACTS AND PROCEDURAL HISTORY**

Through this action, Plaintiffs seek to collect delinquent contributions and penalties due and owing to Plaintiffs. Affidavit of Daniel Feehan ("Feehan Aff.") D.E. 7-1 ¶ 2. Plaintiffs are (1) Trustees of International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund, (2) Trustees of the International Union of Painters and Allied Trades District

Council 711 Vacation Fund, (3) Trustees of Painters District Council 711 Finishing Trades Institute, (4) International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund (the "Health Fund"), (5) International Union of Painters and Allied Trades District Council 711 Vacation Fund (the "Vacation Fund"), (6) Painters District Council 711 Finishing Trades Institute (the "FTI"), and (7) International Union of Painters and Allied Trades District Council 711 (the "Union"). D.E. 1 ("Compl.") ¶¶ 4-6. Health Fund, Vacation Fund, and FTI are collectively known as the "Funds." *Id.* ¶ 7.

Defendant is party to a Collective Bargaining Agreement (the "CBA") with the Union. *Id.* ¶ 19. The CBA "provides that Defendant Valhalla must make specified fringe benefit contributions to the Funds and remit administrative dues as required by the CBA for Defendant Valhalla's represented employees." *Id.* ¶ 20; Feehan Aff. Ex. A, Art. XX, XXI, and XXXV. Plaintiffs allege that Defendant "reaped the benefit of the labor provided by [the Union's] employees" but failed to "remit the required contributions to the Funds for the benefit of its employees" between July 1, 2017 and November 30, 2017. Compl. ¶¶ 22-23. Plaintiffs further allege that "payment of the delinquent contributions and penalties assessed against Defendant Valhalla ha[ve] been demanded by the Funds, but Defendant Valhalla has refused to submit the required payments." *Id.* ¶ 24.

Plaintiffs filed a two-count complaint against Defendant on November 28, 2018. In Count One, Plaintiffs allege that Valhalla failed to remit required contributions. Plaintiffs contend that this failure violates 29 U.S.C. § 1145 and constitutes prohibited transactions pursuant to 29 U.S.C. § 1106(a)(1)(B). *Id.* ¶¶ 18-27. Plaintiffs allege in Count Two that Defendant violated the CBA by failing to remit dues checkoffs to the Union. *Id.* ¶¶ 28-32.

The summons and complaint were served upon Defendant on December 15, 2018. *See* D.E. 5; Feehan Aff. ¶ 4. Defendant has not filed an answer and the time to respond has not been extended. Feehan Aff. ¶ 5. As a result, the Clerk entered default as to Valhalla for failure to plead or otherwise defend on January 9, 2019. On January 15, 2019, Plaintiffs filed the current motion. D.E. 7.

In support of their claim for damages here, Plaintiffs submitted an affidavit from W. Daniel Feehan, Plaintiffs' attorney. Feehan Aff. ¶ 1. The affidavit includes portions of the CBA (*id.* Ex. A); a copy of the Policy for Collection of Delinquent Contributions (*id.* Ex. B); a copy of Valhalla's signature page to the CBA (*id.* Ex. C); a copy of the summons served to Defendant (*id.* Ex. D); a redacted copy of remittance reports prepared by Valhalla for the months of July-October of 2017 (*id.* Ex. E); copies of six returned checks to Plaintiff Funds written by Valhalla which were returned by the bank for insufficient funds (*id.* Ex. F); a copy of the letter from Plaintiff counsel to Valhalla requesting payment (*id.* Ex. G); a document with Plaintiffs' interest, penalty, and liquidated damages calculations (*id.* Ex. H); a summary of attorneys' fees and costs (*id.* Ex. I); and the computerized timesheets for the legal services performed (*id.* Ex. J).

## II. LAW AND ANALYSIS

### A. Standard of Review

Rule 55 of the Federal Rules of Civil Procedure permits a court to enter a default judgment against a properly served defendant who fails to respond. *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). "Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162,

3

165 & n.6 (3d Cir.2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, . . . and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

Prior to entering a default judgment, the Court must: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Additionally, the Court must consider the following three factors: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Id.*; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

**B. Jurisdiction and Service**

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)).

The Court has subject matter jurisdiction. Congress granted district courts exclusive subject matter jurisdiction for civil actions that arise under ERISA. 29 U.S.C. § 1132(e)-(f). This Court also has jurisdiction under Section 301 of the LMRA, which grants district courts

4

jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce. 29 US.C. § 185(a).

The Court also has personal jurisdiction over Defendant. Valhalla maintains its principal place of business in New Jersey. Compl. ¶ 16. As a result, Valhalla is considered "at home" in this state and is subject to general jurisdiction here. *See Int'l Union of Painters v. Andrews Window Servs. LLC*, No. 15-3583, 2016 WL 3234516, at *2 (D.N.J. June 7, 2016). Additionally, pursuant to Rule 4, service may be effectuated upon a corporation by following New Jersey law. Fed. R. Civ. P. 4 (e)(1), (h). Under New Jersey law, a corporation may be served by delivering a copy of summons and complaint to "any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation." N.J. Ct. R. 4:4-4(a)(6). Here, Plaintiffs personally served Brian Mangin, Esq., a person who is purportedly authorized to accept service on Valhalla's behalf. Feehan Aff. Ex. D. As a result, Defendant was properly served with the summons and complaint such that this Court has personal jurisdiction over Defendant.

### C. Sufficiency of Plaintiffs' Causes of Action and Proof of Damages

Next, the Court must determine whether the complaint states a proper cause of action. The Court must accept all well-pleaded factual allegations in the pleadings as true, except as to damages. *Chanel, Inc.*, 558 F. Supp. 2d at 535-36.

Count One states a valid cause of action. Section 515 of ERISA requires employers who are obligated to make contributions to a multiemployer plan pursuant to a CBA to "make such contributions in accordance with the terms and conditions of such plan or [CBA]." 29 U.S.C. § 1145. The CBA in this case required Valhalla to make contributions to Funds for each hour worked by each employee. Feehan Aff. Ex. A, Art. XXI. The Funds are multiemployer plans within the

meaning of ERISA. Compl. ¶¶ 4-6. Plaintiffs argue that Defendant benefitted from labor provided by employees but failed to remit the required contributions to the Funds. Compl. ¶ 22. Thus, Defendant violated Section 515.

Section 502(g)(2) of ERISA provides that in an action to enforce Section 515 in which judgment is entered for the plan, a court "shall award" (1) the unpaid contributions, (2) interest on the unpaid contributions,[1] (3) the greater amount between either interest on the unpaid contributions or "liquidated damages provided for under the plan in an amount not in excess of 20 percent" of the principal amount,[2] (4) reasonable attorney's fees and costs, and (5) "such other relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2). These amounts are mandatory to which Plaintiffs are entitled to recover. *See Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Bellezza Co.*, 57 F. App'x 972, 975 (3d Cir. 2003); *Int'l Union of Painters*, 2016 WL 3234516, at *3.

In this instance, Plaintiffs argue that they should be awarded a total judgment of $31,594.87. Feehan Aff. ¶ 16. Plaintiffs, however, do not provide sufficient proof for the total amount of damages they seek. First, Plaintiffs allege that Defendant owes $19,654.00 for unpaid contributions from July 1, 2017 through November 30, 2017. *Id.* ¶ 7. In support, Plaintiffs provide remittance reports prepared by Valhalla for the months of July, August, September, and October to demonstrate that Defendant failed to make contributions to Plaintiff Funds. *Id.* ¶ 7, Ex. E.

---

[1] Interest on unpaid contributions is determined by using the rate provided for under the plan. 29 U.S.C. § 1132(g). The CBA provides that interest owed "shall be calculated from the date that the contributions became delinquent at 2% above the prime rate charged by the Funds' depository bank as of January 1 and July 1 ("Interest Rate Determination Date"), which interest rate shall remain in effect until the next Interest Rate Determination Date." Feehan Aff. Ex. B at 3.

[2] Rather than providing for 20% of the outstanding amount due, the CBA in this case appears to provide for liquidated damages in the amount of "$20 for each Fund for which Payment is due from each company." Feehan Aff. Ex. B. at 2.

6

Having reviewed the documentation provided, the Court is satisfied that there is a sufficient basis to award $17,014.93 in unpaid contributions. This amount reflects the outstanding amount due for July through October, which is supported by the remittance reports that Plaintiff provided. Plaintiffs, however, do not include a remittance report for November. *See* Feehan Aff. Ex. E. Consequently, Plaintiffs have not met their burden of proving damages for the month of November, which presumably is the remaining $2,639.07 that Plaintiffs seek.

Moreover, Plaintiffs argue that they are entitled to interest on unpaid contributions in the amount of $1,506.35. Feehan Aff. ¶ 10. Plaintiffs' interest calculation is based on the $19,654 that Plaintiffs seek to recover in actual damages. While this Court grants the right to recover interest on the contributions owed, it denies Plaintiffs' actual interest amount because they fail to meet their burden as to the full amount of actual damages sought. Plaintiffs may submit an affidavit with the additional invoice or provide an updated interest calculation for the award of damages for July through October. If appropriate, the Court will enter an amended order to reflect Plaintiffs' right to recover a specific amount of interest.

Additionally, Plaintiffs request $3,930.80 in liquidated damages, or 20% of the total contributions owed. Plaintiff maintain that this amount was calculated pursuant to 29 U.S.C. § 1132(g)(2)(C)(ii). Feehan Aff. ¶ 10. Section 502(g)(2)(C), however, does not provide exclusively for 20% of the unpaid contributions in damages. Rather, Section 502(g)(2)(C) permits a fiduciary to recover the greater amount between either "(i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court" to be the amount owed in unpaid contributions. 29 U.S.C. § 1332(g)(2)(C)(i)-(ii). In this instance, the Policy for the Collection of Delinquent Contributions in this case explicitly states that "[l]iquidated damages will be $20 for each Fund for which payment

7

is due from each company." Feehan Aff. Ex. B at 2. Therefore, while the Court is satisfied that there is a sufficient basis to award liquidated damages under Section 502(g)(2)(C), the Court denies the actual damages of $3,930.80 requested by the Plaintiffs because there does not appear to be a contractual basis for Plaintiff's requested amount of 20% of the total contributions owed. Plaintiffs also request a penalty of $3,930.80, which they explain is calculated at 20% of the delinquency pursuant to the Policy for Collection of Delinquent Contributions. Feehan Aff. ¶ 10. As discussed, however, Section 502(g)(2)(C) does not provide for an automatic 20% penalty. *See* 29 U.S.C. § 1332(g)(2)(C). The Court, therefore, denies damages in the form of a penalty.[3]

Lastly, Plaintiffs seek $2,114.00 for attorneys' fees and $458.92 in costs for a total of $2,572.92 combined attorneys' fees and costs. Feehan Aff. ¶ 14. "In awarding fees under this rubric, the 'court should determine what constitutes a reasonable fee.'" *Int'l Union of Painters*, 2016 WL 3234516, at *4 (quoting *Graziano v. Harrison*, 950 F.2d 107, 114 (3d Cir. 1991)). In addition, a request for fees "must be accompanied by fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys." *Id.* (quoting *United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 291 (3d Cir. 2007)). Plaintiffs provide a summary of attorneys' fees and costs (Feehan Aff. Ex. I) as well as a detailed report of the legal services performed, the party performing the services, the time required to perform each service and the date each service was performed. Feehan Aff. ¶¶ 13-15, Ex. J. The two attorneys were billed at a rate of $175.00 per hour and the paralegal was billed at $70.00 per hour. *Id.* The Court is satisfied that the fees and costs are well documented and reasonable in light of the nature of the case and the services

---

[3] Plaintiffs appear to be seeking double recovery in the form of a penalty, as they request the same amount for a penalty and for liquidated damages with no basis provided. This may also be addressed by Plaintiffs in any supplemental submission.

rendered. Accordingly, the Court will award attorneys' fees and costs for the requested amount of $2,572.92.

In sum, the Court grants actual damages from July through August, 2017 in the amount of $17,014.93, as well as $2,572.92 for attorneys' fees and costs. Additionally, the Court grants the right to recover the unpaid contributions for November, contractual liquidated damages, interest on the total contributions owed, and penalties as contemplated by Section 502(g)(2)(C) and the CBA. Plaintiffs may submit an affidavit with the November invoice, interest and an independent basis by which the Court could award 20% liquidated damages and a penalty. If appropriate the Court will enter an amended order.

### D. Default Judgment Factors

Before entering default judgment, district courts must make explicit factual findings as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Moroccanoil, Inc.*, 2015 WL 6673839, at *1. Here, all three factors weigh in favor of entering default judgment. First, considering that Defendant has not responded in this matter, "Defendant has put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp.*, 2015 WL 273656, at *3. Additionally, there is nothing on the face of the complaint indicating that a meritorious defense is available. Next, without a default judgment, Plaintiffs have no other means to seek relief for the harm allegedly caused by Defendant. As a result, Plaintiffs will be prejudiced if default judgment is not entered. *See Int'l Union of Painters*, 2016 WL 3234516, at *3. Finally, Defendant's failure to answer, without providing any reasonable explanation, permits the Court to draw an inference of culpability on its part. *Id.* As a result, the Court finds that default judgment is warranted.

## III. CONCLUSION

For the reasons set forth above, Plaintiffs' motion for default judgment is granted in part and denied in part. An appropriate Order accompanies this Opinion.

Dated: July 9, 2019

_____
John Michael Vazquez, U.S.D.J.